UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT SHEWBRIDGE,

        Plaintiff,

  v.

EL DORADO IRRIGATION DISTRICT, a municipal corporation; ANE DEISTER, DAVID POWELL, THOMAS CUMPSTON, GEORGE WHEELDON, GEORGE OSBORNE,

        Defendants.

NO. CIV. S-05-0740 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiff Scott Shewbridge ("plaintiff") moves this court for an order modifying the Pretrial Scheduling Order to permit extension of the discovery cutoff date, so that plaintiff may depose defendant George Wheeldon and two non-party witnesses, Michelle Ludwig and Dee Brookshire. Plaintiff maintains that an extension of time is necessary because Mr. Wheeldon fell ill before his originally scheduled deposition, and after numerous attempts, the process server was unable to locate and serve the

two non-party witnesses in advance of their noticed depositions. Defendants oppose plaintiff's motion only as it concerns the two non-party witnesses.[1]  With respect to defendant Wheeldon, defense counsel stipulates to his deposition provided the court extends the discovery cutoff date.

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).  The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment.  "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Plaintiff seeks an extension of discovery because, despite efforts to do so, he was unable to serve and depose Ms. Ludwig and Ms. Brookshire before the close of discovery.  Ms. Ludwig and Ms. Brookshire were colleagues of plaintiff at the time he worked for defendant El Dorado Irrigation District.  Each claims to have witnessed at least one incident of plaintiff engaging in improper workplace behavior, which they documented in writing for their superiors.  Defendants have offered the written statements in

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

2

support of their pending motion for summary judgment, currently set for hearing on September 29, 2006.

Plaintiff originally noticed Ms. Ludwig and Ms. Brookshire's depositions for August 1, 2006, and first tried to serve them on July 15, 2006. Plaintiff attempted service on them thereafter approximately seven times each, over a two-week period, but the process server was unable to make contact with them at their home addresses. The attempts at service were finally cancelled on August 2, 2006. Discovery closed in this case on August 7, 2006, per the Pretrial Scheduling Order, dated August 18, 2005.

Defendant argues that plaintiff cannot demonstrate good cause for an extension of time because plaintiff waited until the very end of a year-long discovery period to attempt to depose these witnesses. While perhaps risky, there is nothing improper about conducting discovery near the end of the discovery period. Here, plaintiff noticed the depositions within the allowed discovery period and made a good faith effort to serve the witnesses a reasonable amount of time in advance, and thus, plaintiff has demonstrated good cause for a limited extension of discovery.

Furthermore, the Federal Rules of Civil Procedure permit discovery regarding "any matter, not privileged, which is relevant to the subject matter" of the litigation. <u>See</u> Fed. R. Civ. P. 26(b)(1). In their motion for summary judgment, defendants rely on the signed statements of Ms. Ludwig and Ms. Brookshire. As such, their depositions certainly might yield information relevant to this case, and plaintiff should be entitled to an extension of time to attempt to obtain that

3

information.

Because plaintiff may wish to use information obtained in the subject depositions in opposition to defendants' motion for summary judgment, the extension of discovery will necessitate a resetting of the motion for summary judgment and other dates, as set forth below. Additionally, while defendants have already submitted their moving papers, the court will allow defendants time to file a supplemental memorandum of points and authorities in support of their motion in light of the additional discovery, should they choose to do so.

In sum, with respect to the requested depositions, it is the court's understanding that defendants' counsel has stipulated to produce defendant Wheeldon for deposition once he is well; pursuant to this order, defense counsel shall produce him within the new discovery deadline, as set forth below. Having found good cause, discovery is extended for the limited purpose of taking the depositions of Michelle Ludwig, Dee Brookshire and defendant Wheeldon.

**CONCLUSION**

1.  Plaintiff's motion to reopen discovery for a limited purpose is GRANTED and the Pretrial Scheduling Order of August 18, 2005 is modified as follows:

    a.  The discovery cutoff is extended to October 27, 2006 for the limited purpose of allowing the depositions of Michelle Ludwig, Dee Brookshire and defendant Wheeldon;

    b.  The last day to hear dispositive motions is continued to December 1, 2006;

4

       c.    Defendants' motion for summary judgment is continued to December 1, 2006, at 10:00 a.m. Defendants may file and serve a supplemental memorandum of points and authorities addressing the deposition testimony on or before November 3, 2006. Plaintiff's opposition papers shall be filed and served on or before November 17, 2006. Defendants' reply papers shall be filed and served on or before November 27, 2006.

       d.    The deadline for filing a Joint Final Pretrial Statement is RESET to February 23, 2007;

       d.    The Final Pretrial Conference is RESET to March 9, 2007 at 2:30 p.m.;

       e.    The Trial is RESET to May 22, 2007 at 9:00 a.m.[2]

    2.    All other dates set forth in the Pretrial Scheduling Order shall remain unchanged.

    IT IS SO ORDERED.

DATED: September 12, 2006

                                    /s/ Frank C. Damrell Jr.
                                    UNITED STATES DISTRICT JUDGE

---

[2] Due to the court's unavailability and trial schedule, the trial date in this case would have been reset in any event.