UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT SHEWBRIDGE,

        NO. CIV. S-05-0740 FCD EFB

    Plaintiff,

  v.                          MEMORANDUM AND ORDER

EL DORADO IRRIGATION DISTRICT,
a municipal corporation; ANE
DEISTER, DAVID POWELL, THOMAS
CUMPSTON, GEORGE WHEELDON,
GEORGE OSBORNE,

    Defendants.

----oo0oo----

This matter is before the court on defendants' motion to modify the pretrial scheduling order[1] ("PSO") to permit the filing of a dispositive motion on defendants' affirmative defense of res judicata.[2] Fed. R. Civ. P. 16(b).  Plaintiff opposes the

---

[1] See Status (Pretrial Scheduling) Order, filed August 18, 2005, as amended by the court's Memorandum and Order of September 12, 2006.

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1

motion, arguing defendants cannot demonstrate good cause for their requested relief since defendants failed to raise the defense in their previous motion for summary judgment, and plaintiff would be prejudiced by modification of the PSO, as the dispositive motion deadline has long passed and trial is set to commence next month.[3]

For the reasons set forth below, the court DENIES defendants' motion. Defendants have not diligently sought the instant relief, and as such, they cannot demonstrate the requisite "good cause" to modify the PSO to permit a further dispositive motion.

**BACKGROUND**

Defendants raised their defense of res judicata for the first time in the joint pretrial conference statement filed on February 23, 2007. As the defense presented a legal issue for the court's determination, the court informed defendants at the final pretrial conference, held March 9, 2007,entirety that they needed to raise the defense via a dispositive motion, not a motion in limine at trial. However, the dispositive motion deadline passed on December 1, 2006, and the court previously warned the parties in the PSO, filed August 18, 2005, that it would "look with disfavor upon dispositional motions . . . presented at the Final Pretrial Conference or at trial in guise of motions in limine."

---

[3] Pursuant to the court's order of September 12, 2006, granting plaintiff's motion to modify the pretrial scheduling order to permit certain depositions beyond the discovery deadline, the court continued the dispositive motion deadline to December 1, 2006, the final pretrial conference to March 9, 2007 and trial to May 22, 2007. At the March 9, 2007 final pretrial conference, the court confirmed the May 22, 2007 trial date, provided the instant motion was not granted. (Docket #47.)

2

(PSO at 4.)  In that regard, the court specifically stated in the PSO that:

> The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

(Id.)  The court reminded defendants of these provisions and instructed them that in order to raise the defense, they must move to modify the PSO to permit the filing of a *further* motion for summary judgment.  Defendants now make said motion.

Previously, defendants timely filed a motion for summary judgment, moving for judgment in their favor as to all of plaintiff's claims against them.[4]  On December 19, 2006, the court granted in part and denied in part defendants' motion; the court granted defendants' motion with respect to plaintiff's Section 1983 claim for violation of his procedural due process rights but denied defendants' motion with respect to plaintiff's Section 1983 claim for violation of plaintiff's First Amendment rights and conspiracy to violate said rights.  (Mem. & Order, filed Dec. 19, 2006.)  As to plaintiff's due process claim, the court found that plaintiff received adequate due process; plaintiff received prior notice of his termination, and he was given an opportunity to respond to the termination in a Skelly hearing and appeal before the EID Board.  (Id. at 20-22.)  As to

---

[4] Plaintiff alleged claims against defendants for (1) violation of 42 U.S.C. § 1983 on the grounds defendants retaliated against plaintiff for exercising his First Amendment rights and terminated him without sufficient due process and (2) conspiracy to violate plaintiff's civil rights. (Compl., filed April 15, 2005.)  The court dismissed plaintiff's wrongful termination in violation of public policy claim by order of September 22, 2005.

3

plaintiff's First Amendment claim, the court concluded that it could not find, on the evidence presented, that plaintiff's speech was not protected, and assuming it was protected, plaintiff proffered evidence sufficient to raise triable issues of fact as to whether he was terminated in retaliation for his speech against defendant El Dorado Irrigation District ("EID") and the individual defendants.  (Id. at 10-19.)  Defendants did not raise their affirmative defense of res judicata[5] as a basis for summary judgment with respect to either plaintiff's due process or First Amendment claims.

### STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b), a PSO "shall not be modified except upon a showing of good cause."  The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)).  The "good cause" standard primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.

---

[5] Defendants alleged the defense in their answer filed September 29, 2005, stating in their "Tenth Affirmative Defense - Res Judicata:" "That the plaintiff is barred from recovery in this action because the precise issues raised in this complaint have already been litigated and a judgment has been entered."

4

**ANALYSIS**

Defendants waited until the final pretrial conference to assert that plaintiff's First Amendment claim (and corollary conspiracy claim) are barred by the doctrine of res judicata, thereby providing defendants with a complete defense to this action and obviating the need for a trial.  Defendants argue plaintiff could have been brought these claims in the administrative proceedings wherein he challenged his termination,[6] and as such, plaintiff is precluded by the doctrine of res judicata from litigating these claims herein.  Relying on Miller v. County of Santa Cruz, 39 F.3d 1030 (9th Cir. 1994) and the recent decision of Holcombe v. Hosmer, 477 F.3d 1094 (9th Cir. 2007), defendants argue this court must give preclusive effect to the administrative decisions in this case, which even if unreviewed by the state court, may nonetheless be given preclusive effect because the administrative agency (EID) acted in a judicial capacity, it resolved disputed issues of fact properly before it, and the parties had an adequate opportunity to litigate the issues.  Miller, 39 F.3d at 1032-34 (holding that the unreviewed Santa Cruz County Civil Service Commission's decision sustaining the deputy sheriff plaintiff's termination barred the plaintiff's Section 1983 action because the administrative proceedings were conducted with sufficient safeguards to be equated with a state court judgment [namely, the aforementioned so-called "fairness" requirements of judicial

---

[6] The relevant facts describing these proceedings are set forth in the court's December 19, 2006 summary judgment order and therefore are not repeated here.

1 capacity, resolution of factual issues, and opportunity to
2 litigate were met]); accord Holcombe, 477 F.3d at 1097-99
3 (applying Nevada state law and holding that the former highway
4 patrol officer plaintiff's Section 1983 claim, alleging she was
5 terminated in retaliation for exercising her First Amendment
6 rights, was barred by the doctrine of res judicata because the
7 claim could have been raised in the administrative personnel
8 proceedings challenging her termination which were later upheld
9 by the Nevada state court).

10     Defendants assert that they did not raise these issues in
11 their motion for summary judgment because they were not "ripe"
12 for adjudication at that time.  At the time of the motion for
13 summary judgment, defendants maintain that based on plaintiff's
14 deposition testimony, they believed plaintiff disputed the
15 fairness of the administrative proceedings (in terms of the
16 "Miller" inquiries), and that plaintiff's testimony would be
17 sufficient to raise triable issues of fact sufficient to deny
18 defendants judgment on their res judicata defense.  However,
19 defendants contend that plaintiff stipulated to certain facts in
20 the joint pretrial conference statement which established their
21 entitlement to relief on the defense.  Specifically, defendants
22 contend plaintiff failed to dispute "any shortcoming pertaining
23 to the Skelly procedures," including whether "EID failed to act
24 in a judicial capacity, . . . failed [to] resolve the disputed
25 issues of fact properly before it, or whether the parties were
26 given an adequate opportunity to litigate."  (Mot. to Mod. PSO,
27 filed Mar. 14, 2007, at 7-8.)  As such, defendants argue their
28 res judicata defense only became ripe after the preparation of

6

the joint pretrial conference statement.

The court does not agree.  As plaintiff emphasizes in his opposition to the motion, plaintiff did not raise any issues with respect to the administrative proceedings in the joint pretrial statement because the court dismissed his due process claim in its entirety in the summary judgment order.  (Mem. & Order, filed Dec. 19, 2006.)  Because plaintiff had no viable due process claim, he correctly did not raise or discuss issues pertaining to the adequacy of his administrative hearings.  Moreover, in light of the court's admonitions in its PSO regarding dispositive motions, plaintiff justifiably believed that the defense of res judicata was, having not been raised by defendants in their motion for summary judgment, waived.  See North Pacifica, LLC v. City of Pacifica, 366 F. Supp. 2d 927 (N.D. Cal. 2005) (finding defendant, who raised its Miller-based res judicata defense for the first time at the damages phase of trial, waived the defense).

Thus, defendants cannot "blame" plaintiff for *their* failure to raise the res judicata defense earlier.  Indeed, the court cannot discern any basis for defendants' failure to raise the defense in their motion for summary judgment, as, at a minimum, an alternative basis for granting judgment in defendants' favor. Defendants asserted the defense in their answer filed in September 2005 based presumably[7] on the administrative proceedings which occurred between November 2003 and April 2004.

---

[7] Defendants did not specify in their answer what forum the issues were litigated nor what specific "judgment" barred the instant action.  See supra fn. 5.

7

Defendants were thus well aware of the facts giving rising to this defense, if they existed at all, at the time of the filing of their summary judgment motion. The court can only conclude that defendants believed that triable issues existed which would prevent an award of summary judgment in their favor. In light of the court's PSO, they should have known the defense thereafter would be foreclosed.

Moreover, defendants have now raised a legal question that had to be decided by a dispositive motion which was required to be heard by December 1, 2006 per the PSO. Indeed, the PSO, in place since August 2005, warned defendants that any failure to file a dispositive motion by the deadline may be deemed a waiver of an issue, and that the court would look with disfavor on dispositive motions raised for the first time at the final pretrial conference or in the guise of a motion in limine.

Additionally, "case law indicates that a party who 'delay[s] too long' in asserting a preclusion argument may lose the defense." North Pacifica, 366 F. Supp. 2d at 929 (citing Moore's Fed. Prac.-Civ., § 131.50[1]); see also Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730 (9th Cir. 1988). Relying on Kern Oil, in North Pacifica, the court, in finding waiver of the defense, emphasized that while the defendant listed preclusion as an affirmative defense in its answer, "its allegation was conclusory and failed to provide clear notice of the particular nature of the preclusion argument now advanced" and the defendant waited "until more than a year after the earlier proceedings to which it attributed preclusive effect" to raise the Miller-preclusion argument. 366 F. Supp. 2d at 930. The same is true

here. Defendants' res judicata allegation simply stated: "That the plaintiff is barred from recovery in this action because the precise issues raised in this complaint have already been litigated and a judgment has been entered." (Answer, filed Sept. 29, 2005.) And, defendant waited approximately *two* years to assert the defense.

Given this undue delay, the court cannot find good cause to grant defendants' motion under Rule 16(b); defendants' lack of diligence precludes modification of the scheduling order to permit a further dispositive motion. Additionally, regardless of Rule 16(b)'s requirements, the court otherwise finds, similar to the court in North Pacifica, that it is appropriate to deem defendants' res judicata defense waived. 366 F. Supp. 2d at 930.

> This conclusion is buttressed by the purposes underlying the preclusion rules, namely, conserving judicial resources and protecting parties from the expense and vexation of relitigating issues that another party previously has litigated and lost.

Id. (internal quotations and citations omitted.) Thus, defendants' delay undermines the purposes behind the preclusion rules by "wasting resources of the parties and the Court." Id.[8] Under these circumstances, either based on Rule 16(b), the court's admonitions in the PSO or pursuant to case law, the court must deny defendants' request to file a further dispositive motion on its res judicata defense.

---

[8] The court also notes, for purposes of Rule 16 as well as for waiver principles generally, that plaintiff would be prejudiced by the assertion of this defense at this late juncture in the case, where the dispositive motion deadline passed on December 1, 2006 and trial is set for next month.

9

**CONCLUSION**

Accordingly, for the foregoing reasons, defendants' motion to modify the PSO is DENIED.

IT IS SO ORDERED.

DATED: April 30, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE