UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT SHEWBRIDGE,

        Plaintiff,

    v.

EL DORADO IRRIGATION DISTRICT,
a municipal corporation; ANE
DEISTER, DAVID POWELL, THOMAS
CUMPSTON, GEORGE WHEELDON,
GEORGE OSBORNE,

        Defendants.

NO. CIV. S-05-0740 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' motion for reconsideration of the court's April 30, 2007 order denying their motion to modify the pretrial scheduling order ("PSO") to permit the filing of a dispositive motion on defendants' affirmative

///
///
///
///
///

1

defense of res judicata.[1]  Fed. R. Civ. P. 59(e), 60(b).[2]  In said order, the court found that defendants had not diligently sought to modify the PSO, and thus relief could not be granted pursuant to Federal Rule of Civil Procedure 16(b), or alternatively, that defendants waived the defense.  (Docket #53.) Defendants now move for reconsideration of that latter finding, arguing the court committed "clear error" in concluding that defendants otherwise waived the defense.  For the reasons stated below, defendants' motion for reconsideration is DENIED.

Federal Rules of Civil Procedure 59(e) and 60(b) are "extraordinary remed[ies] to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).  Thus, the Ninth Circuit has made clear that a motion for reconsideration should not be granted "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  Id. (citation omitted.)  When a motion for reconsideration is based on a claim

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

[2] Where the court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure.  See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).  Because defendants' motion was filed more than ten days after entry of the court's order, the court will consider the instant motion under Rule 60(b).  See Fed. R. Civ. P. 59(e) (requiring that all motions submitted pursuant to this rule be filed within ten days of entry of judgment or order).

2

1 of clear error, as in this case, the moving party must do more
2 than repeat arguments made in the underlying motion.
3 "Reiteration of arguments originally made in support of, or in
4 opposition to, a motion . . . do not provide a valid basis for
5 reconsideration." <u>Reliance Ins. Co. v. Doctors Co.</u>, 299 F. Supp.
6 2d 1131, 1154 (D. Hawaii 2003); <u>Backlund v. Barnhart</u>, 778
7 F.2d 1386, 1388 (9th Cir. 1985).

8  This is precisely what defendants have done in this motion;
9 they simply repeat arguments they asserted in the original
10 motion, arguments which were fully considered by the court in its
11 order.  Indeed nowhere in their papers do they identify any new
12 facts or issues justifying reconsideration.  Accordingly, the
13 court need not restate its analysis here.  There is no basis for
14 granting the motion for reconsideration.

15  Thus, for these reasons and those stated fully in the
16 court's order of April 30, 2007, the court DENIES defendants'
17 motion for reconsideration.

18  IT IS SO ORDERED.
19 DATED: June 25, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3